IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNDY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-15-1224-W |
| v. | ) | |
| | ) | |
| TIM WILKINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

On November 2, 2015, Plaintiff, a state prisoner appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. With his Complaint, Plaintiff filed an application seeking leave to proceed *in forma pauperis*. (Doc. # 2). By Order entered November 3, 2015, the matter was referred by District Judge West to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

On November 9, 2015, an Order was entered by the undersigned granting Plaintiff's application for leave to proceed *in forma pauperis* and directing Plaintiff to pay an initial partial filing fee of $85.03 on or before November 27, 2015, pursuant to 28 U.S.C. § 1915(b). Plaintiff thereafter paid $350.00, which represents the full amount of the filing fee for an *in forma pauperis* litigant in federal court.

On December 1, 2015, the undersigned entered an Order advising Plaintiff that his Complaint is deficient under Fed. R. Civ. P. 8 for the specific reasons set forth in the Order and directing Plaintiff to file an amended complaint in compliance with Rule 8 within thirty

1

(30) days of the date of the Order.

On January 4, 2016, Plaintiff submitted a "Motion to Be Granted Leave to Amend the Original Complaint." (Doc. # 9). Although the pleading is styled as a motion, Plaintiff also states in the caption that the pleading is intended to be Plaintiff's amended "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." To the extent Plaintiff requests leave to file this pleading as his amended complaint, the Motion (Doc. # 9) is GRANTED.

The amended complaint names as Defendants Davis Correctional Facility ("DCF") Warden Wilkinson, DCF Assistant Warden Yates, DCF Health Services Administrator Larimer, Dr. Sanders, who is identified as a physician residing in Holdenville, Oklahoma, who provides care for DCF inmates, DCF Sergeant Sipes, DCF Sergeant Pesimoie, and unknown "John Doe and Jane Doe" DCF officials. All of the Defendants are alleged to be employed at DCF in Holdenville, Oklahoma.

Plaintiff states that he is currently confined at the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. Plaintiff was advised in the Order entered December 1, 2015, that neither DCF or OSP are located within the jurisdictional confines of the Western District of Oklahoma.

The applicable venue statute provides:

> A civil action may be brought in - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this

2

> section, any judicial district in which any defendant is subject to
> the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

DCF is located in Hughes County, Oklahoma. Pursuant to 28 U.S.C. § 116(b), Hughes County is located within the jurisdiction of the United States District Court for the Eastern District of Oklahoma. The individual Defendants presumably live and work within the jurisdictional confines of the United States District Court for the Eastern District of Oklahoma. Moreover, the events, actions, and omissions upon which Plaintiff seeks relief all occurred in Hughes County, Oklahoma, and therefore the action should be dismissed without prejudice or transferred to the United States District Court for the Eastern District of Oklahoma.

Pursuant to 28 U.S.C. § 1406(a), the district court "shall dismiss" a case filed in an inappropriate venue unless it finds the interests of justice would be served by transfer rather than dismissal. In this case, Plaintiff paid the filing fee in this action, and no further pleadings have been filed beyond the amended complaint. Under these circumstances, and pursuant to 28 U.S.C. § 1406(a), the matter should be transferred in the interests of justice to the United States District Court for the Eastern District of Oklahoma.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be TRANSFERRED pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of Oklahoma due to improper venue. Plaintiff is advised of his right

to file an objection to this Report and Recommendation with the Clerk of this Court by February 1st, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  12th  day of  January , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE