IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNDY ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. CIV-15-1224-W |
| TIM WILKINSON et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Johndy Anderson commenced this action on November 2, 2015, seeking relief under title 42, section 1983 of the United States Code. See Doc. 1. Anderson, who is currently incarcerated in Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma, inter alia complained about events occurring at, and conditions of confinement at, both OSP and Davis Correctional Facility ("DCF"), a private prison located in Holdenville, Oklahoma, where Anderson had been previously incarcerated. See id. He named as defendants both DCF and OSP officials and employees and individuals employed by Oklahoma Department of Corrections ("ODOC").

On December 1, 2015, United States Magistrate Judge Gary M. Purcell, to which this matter had been referred, see Doc. 5, found that Anderson's complaint was deficient under Rule 8, F.R.Civ.P., because it failed to contain a short and plain statement of his claims showing that he was entitled to relief as to any defendant. See Doc. 8. Magistrate Judge Purcell ordered Anderson to file an amended complaint, and on January 4, 2016, Anderson filed a paper entitled "Motion to be Granted Leave to Amend the Original Complaint." See Doc. 9. Magistrate Judge Purcell not only granted Anderson's motion,

see Doc. 12 at 2, but also construed that paper as Anderson's amended complaint. See id.[1] In the amended complaint, which modified and superceded Anderson's original complaint, the only named defendants are individuals employed at DCF.

Based on the allegations in the amended complaint, Magistrate Judge Purcell determined that venue was lacking in this judicial district. He issued a Report and Recommendation on January 12, 2016, and recommended that this action be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to title 28, section 1406(a) of the United States Code. Anderson was advised of his right to object, and the matter now comes before the Court on Anderson's Objections and/or Concessions to Report and Recommendation of Magistrate Judge [Doc. 14] and his Motion for an Enlargement of Time [Doc. 13]. Upon de novo review, the Court concurs with Magistrate Judge Purcell's determination that transfer of this matter is warranted.

Title 28, section 1391(b) of the United States Code[2] provides that

[a] civil action may be brought in -

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Anderson likewise considers that paper to be his amended complaint. See Doc. 16 at 1 (requesting copies of the original complaint [Doc. 1] and the amended complaint [Doc. 9]).

[2] Section 1983 does not contain a venue provision; venue is therefore determined under the general venue statute, 28 U.S.C. § 1391(b). E.g., Azubuko v. Irish, 2011 WL 4963786 *1 (10th Cir. 2011)(cited pursuant to Tenth Cir. R. 32.1).

28 U.S.C. § 1391(b).

As Magistrate Judge Purcell observed, DCF is located in Hughes County, Oklahoma, which lies within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. E.g., id. § 116(b). The individual defendants named in the amended complaint presumably live and work within the jurisdictional confines of that district. Furthermore, a substantial part, if not all, of the defendants' actions and omissions about which Anderson has complained, and for which he has sought relief, occurred in Hughes County. Pursuant to section 1391(b), venue is therefore properly in the Eastern District of Oklahoma.

> Title 28, section 1406(a) of the United States Code permits
>
> [t]he district court of a district in which is filed a case laying venue in the wrong . . . district . . . [to] dismiss [such case], or if it be in the interest of justice [to] transfer . . . [the] case to any district . . . in which it could have been brought.

28 U.S.C. § 1406(a). The decision "to dismiss or transfer lies within the sound discretion of the . . . [C]ourt." Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1191 (10th Cir. 1998)(citations omitted). Under the circumstances, the Court finds that the interest of justice support a transfer, and not the dismissal, of this lawsuit.[3]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 12] issued on January 12, 2016, including Magistrate Judge Purcell's recommendation that Anderson's "Motion to be

---

[3] In his papers to the Court, Anderson has expressed concern over his ability to pay a second filing fee. A transfer of this action to the Eastern District of Oklahoma would eliminate this concern.
3

Granted Leave to Amend the Original Complaint" [Doc. 9] should be granted and his recommendation that that paper should be construed as Anderson's amended complaint;

(2) GRANTS Anderson's "Motion to be Granted Leave to Amend the Original Complaint" [Doc. 9] file-stamped January 4, 2016;

(3) DIRECTS the Clerk of the Court to TRANSFER this matter to the United States District Court for the Eastern District of Oklahoma;

(4) DEFERS ruling on

(a) Anderson's Declarations in Support of Motion for a Temporary Restraining Order and Preliminary Injunction [Docs. 3, 10] file-stamped, respectively, November 2, 2015, and January 4, 2016; and

(b) his Motions Requesting the Appointment of Counsel [Docs. 4, 11] file-stamped, respectively, November 2, 2015, and January 4, 2016;

(5) DIRECTS the Clerk to include said motions in the transmittal of this matter so that the assigned judge or magistrate judge in the Eastern District may take whatever action, if any, is appropriate with regard to the issues raised therein;

(6) DENIES without prejudice to reurging Anderson's Motion for an Enlargement of Time [Doc. 13] file-stamped January 25, 2016;[4] and

---

[4]Anderson has advised that he "want[s] to leave his option open to add new defendants within which he may be able to remain in this jurisdiction[,]" Doc. 13 at 2, ¶ 10, and he has sought additional time to seek leave to file a "second 'amended complaint' to include [ODOC] employees . . . who are in the . . . . Western . . . District." Id. ¶ 11. Even if Anderson is granted leave to file a second amended complaint and name ODOC employees as defendants, a transfer of this matter would still be permissible.

In that instance, venue arguably would properly lie in both judicial districts, e.g., 28 U.S.C. §§ 1391(a), 1391(b), and title 28, section 1404(a) of the United States Code permits the Court to transfer an action if the parties and witnesses would not be inconvenienced and if a transfer would better serve the interest of justice. Given that the DCF defendants reside in the Eastern District, that OSP, where Anderson is currently incarcerated, is located in Pittsburg County, Oklahoma,

(5) ADVISES Anderson that all pleadings and papers to be filed in this lawsuit should hereafter be filed in the Eastern District of Oklahoma and should reflect the case number assigned to this case in that district.

ENTERED this 27th day of January, 2016.

                                        LEE R. WEST
                                        UNITED STATES DISTRICT JUDGE

---

which is also within the territorial jurisdiction of the Eastern District, and that the acts and omissions about which Anderson has complained occurred in that district, the Court finds a transfer not only would enhance the convenience of the parties and the witnesses, but also advance the interest of justice.