# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHNDY ANDERSON,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 16-036-RAW-SPS |
| **TIM WILKINSON, et al.,** | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on Defendants Susan Shields, Patricia Stem, and Patricia Sorrels' motion to dismiss Plaintiff's second amended complaint. The Court has before it for consideration Plaintiff's second amended complaint (Dkt. 24), the defendants' motion (Dkt. 72), and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 71).

Plaintiff, a pro se prisoner in the custody of the DOC who is incarcerated at Oklahoma State Penitentiary (OSP), brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at OSP and Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The defendants are (1) Tim Wilkinson, DCF Warden, in his official and individual capacities; (2) James A. Yates, DCF Assistant Warden, in his individual capacity; (3) Marty Garrison, Eastern Regional Director for Internal Affairs, in his individual capacity; (4) Ms. Burney, DCF Law Library Supervisor, in her official and individual capacities; (5) Mr. Ruffin, DCF Assistant Warden, in his official and individual capacities; (6) Dr. Sheperd, DCF Psychologist, in her official and individual capacities; (7) Ray Larimer, DCF Correctional Health Services Administrator, in his official and individual capacities; (8) Susan Shields, OSP Psychologist,

in her individual capacity; (9) Patricia Stem, OSP Eastern Regional Mental Health Supervisor, in her individual capacity; (10) Mr. Garvin, OSP Psychologist/Clinician, in his individual capacity; (11) John Doe; (12) Jane Doe; (13) Brandy Sipes, DCF Correctional Facility Security Sergeant, in her individual capacity; (14) Dr. Sanders, DCF Physician, in his individual capacity; (15) Dr. Marlar, OSP Physician, in his individual capacity; (16) and Patricia Sorrels, OSP Health Services Administrator, in her individual capacity.

Plaintiff alleges that in 2014 he was employed as inmate orderly at DCF, when he overheard a DCF official admit he had a homicide conviction. Plaintiff claims he reported this information to DOC Internal Affairs. In retaliation, Plaintiff was fired from his job and placed on suicide watch in Main Medical, stripped of his clothes, and given bath salts to cause him to lose his mind. He later was released to the maximum segregation housing unit, pending an investigation. Plaintiff asserts that while he was in the segregation unit, the officer who allegedly admitted to having a homicide conviction raped him and ordered the officer's DCF subordinates to contaminate Plaintiff's food with bath salts. (Dkt. 24 at 8-10).

Plaintiff requested an MRI or CT Scan to get baseline information and a diagnosis before the bath salts caused him permanent damage, but Defendant Sorrels and Defendant Dr. Marlar refused to approve a test. Plaintiff's symptoms of "influctions, twitches, spasms, and severe paroxysm" caused him severe pain and mental illness that resulted in his losing his mind and later resulted in the demise of one of his former cellmates. (Dkt. 24 at 10-11).

Plaintiff further alleges Defendant Shields has denied him mental health services when other mental health staff were unavailable. Dr. Shields allegedly acted with deliberate indifference by refusing to visit Plaintiff on the "notorious" OSP H-Unit. In addition, Defendant Dr. Stem violated Plaintiff's right to be seen by qualified mental health staff, because she failed to set policies for prisoners whose assigned mental health staff member

2

is unavailable. Plaintiff contends Dr. Stem knew or should have known she was violating his constitutional right to have a mental health professional available to him 24 hours a day, 365 days a week without excuse. (Dkt. 24 at 11, 17-19).

Defendants Shields, Stem, and Sorrels allege Plaintiff has failed to exhaust the administrative remedies for any of his claims against them. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of response to the RTS. If the complaint is not resolved after the response to the RTS, the

3

offender then may file a grievance with the warden's office or facility correctional health services administrator, whichever is appropriate. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Health Services Administrative Review Authority. The administrative process is exhausted only after all of these steps have been taken. (Dkt. 71-5 at 7-15).

The record shows that Plaintiff has submitted three grievances. Two of the grievances were returned unanswered because of procedural defects, and the third was submitted after his second amended complaint was filed. (Dkts. 71-6, 71-7, 76-1). There is no evidence in the record indicating Plaintiff complied with his obligation to fully and properly exhaust his available administrative records before filing this lawsuit.

**ACCORDINGLY,** Defendants Susan Shields, Patricia Stem, and Patricia Sorrels' motion to dismiss (Dkt. 72) is GRANTED, and Plaintiff's claims against Shields, Stem, and Sorrels are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this 21st day of March 2017.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**