# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOHNDY ANDERSON,

                Plaintiff,

v.                                                  No. CIV 16-036-RAW-SPS

TIM WILKINSON, et al.,

                Defendants.

## OPINION AND ORDER

This action is before the Court on Plaintiff's second amended complaint (Dkt. 24) and Defendants' motion for summary judgment (Dkt. 109). Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The remaining defendants are Tim Wilkinson, DCF Warden; James A. Yates, DCF Assistant Warden; Marty Garrison, Regional Director for DOC Internal Affairs; Ms. Burney, DCF Law Library Supervisor; Dr. Shepherd, DCF Psychologist; Ray Larimer, DCF Correctional Health Services Administrator; Brandy Sipes, DCF Security Sergeant; and Dr. Sanders, DCF Physician.[1]

---

[1] On March 21, 2017, Defendants Susan Shields, Patricia Stem, and Patricia Sorrels were dismissed without prejudice from this action for Plaintiff's failure to exhaust the administrative remedies for his claims against them. (Dkt. 82). On November 27, 2917, Defendants Mr. Ruffin, Mr. Garvin, Dr. Marlar, John Doe, and Jane Doe were dismissed without prejudice from this action

**Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. However, a party opposing a motion for summary judgment may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. *See* Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Plaintiff's Allegations**

Plaintiff alleges that in 2014 he was a "direct employee" of Defendants Wilkinson and Yates in the administrative area of DCF. In the course of his duties, Plaintiff overheard Yates tell another DCF employee that Yates had a homicide conviction. Plaintiff did not understand how Yates could have such a conviction and still be employed as a DCF official. Therefore, Plaintiff advised Defendant DOC Internal Affairs Director

---

for Plaintiff's failure to serve these defendants in accordance with Fed. R. Civ. P. 4(m). (Dkt. 91).

Marty Garrison of Yates' conviction.

Yates allegedly retaliated against Plaintiff by having him fired from his prison job and by placing Plaintiff on suicide watch in the main medical area. Yates also demanded that Plaintiff take off his clothes for a strip cell and allegedly caused Plaintiff to be given "bath salt" to make him lose his mind.

Plaintiff claims Defendants Yates, Wilkinson, Shepherd, and Larimer subsequently advised him that he no longer could be held on suicide watch, because he was not suicidal. He was placed on observation for security reasons and then was housed on Fox Bravo in maximum segregation housing, pending an investigation. Plaintiff asserts that while in that unit, Yates raped him and continued to order bath salt be sprinkled on his food.

Plaintiff claims that after the rape, he verbally grieved the issue to many persons, which he claims satisfied the first step of the DOC grievance process. He also filed an emergency/sensitive grievance to Defendants Wilkinson, Garrison, and Larimer, pursuant to the second step of the grievance policy. Despite Plaintiff's claims of sexual assault by Yates, Defendants Wilkinson, Garrison, and Larimer rejected the emergency/sensitive grievance as not concerning an emergency or sensitive matter.

Plaintiff further alleges Defendant Yates ordered his subordinates to douse Plaintiff's food with bath salt to cover up the rape and to cause mental illness, or the appearance of mental illness, in Plaintiff. Yates allegedly did not deny the rape and bath salt incidents, both of which violated the Eighth Amendment.

3

Plaintiff advised Defendant Dr. Shepherd that he was suffering physical and emotional pain and a psychological disorder, as a result of the rape by Defendant Yates and the introduction of bath salt and other unknown substances into his body. Plaintiff sought to have an MRI or CT Scan before permanent damage was inflicted upon him. Dr. Shepherd allegedly agreed that Plaintiff's food was being contaminated with bath salt, but nothing was done about the poisoning, and no medical tests were arranged. Plaintiff contends Dr. Shepherd's deliberate indifference to his serious medical needs may have resulted in his psychological or permanent brain damage.

Plaintiff further claims Defendant Sipes maliciously placed an electronic notebook outside each cell in Plaintiff's housing unit, because Plaintiff had reported Yates' crimes. The device revealed sensitive and confidential information about Plaintiff's being a "catch-out," who is someone who informs on someone to escape a drug or tobacco debt, or because he is a coward.

Plaintiff allegedly suffers from twitches, spasms, severe pain, and severe paroxysm brought on by the bath salt poisoning. He claims it resulted in his losing his mind and the death of one of his cellmates. He is facing a charge of first degree murder with malice aforethought.

Defendant Burney allegedly interfered with Plaintiff's First Amendment right to petition prison officials and with his right to equal access to the courts. Defendant Wilkinson allegedly violated Plaintiff's First Amendment right to submit

sensitive/emergency grievances, resulting in the wanton infliction of pain in violation of the Eighth Amendment. Further, Defendant Garrison allegedly violated Plaintiff's First Amendment right to grieve the acts of a prison official when Garrison failed to act upon Plaintiff's notification through the grievance process of the rape and ongoing poisoning by bath salt.

Plaintiff also claims Defendant Larimer violated his Eighth Amendment right to medical care by refusing to allow him to have an MRI or CT Scan to diagnose his spasms, seizures, and paroxysm caused by the bath salts. Larimer also allegedly violated Plaintiff's First Amendment right to file grievances against Larimer, Dr. Shepherd, and Dr. Sanders concerning the testing and the tampering with Plaintiff's food. In addition, Defendant Dr. Sanders was deliberately indifferent to Plaintiff's serious medical needs when he refused to investigate Plaintiff's allegations of rape and poisoning with bath salt.

**Failure to Exhaust Administrative Remedies**

Defendants Wilkinson, Sipes, Sanders, Yates, Garrison, Shepherd, Larimer, and Burney allege Plaintiff has failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*,

532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

According to DCF Grievance Coordinator Terry Underwood, DCF utilizes DOC Offender Grievance Policy, OP-090124, at the facility. (Dkt. 109-2 at 3). Pursuant to the policy, an offender first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. (Dkt. 109-3 at 8). If that is unsuccessful, he may submit a Request to Staff (RTS) to the law library supervisor within seven calendar days of the incident, alleging only one issue per form. *Id*. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the reviewing authority, asserting only the issue of the lack of response to the RTS. *Id*. at 9. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. *Id.* at 9-10. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority (ARA) or the Chief Medical Officer within 15 calendar days of receipt of the reviewing authority's response. *Id.* at 13. The administrative process is exhausted only after all of these steps have been taken. *Id.* at 15. Mr. Underwood states by affidavit that Plaintiff filed no grievances at the facility level during the relevant time period. (Dkt. 109-2). Plaintiff did, however, submit four grievances to the to the ARA and to the Medical Services

Division:

ARA 14-393, marked as "emergency/sensitive" and requesting an investigation of a crime which was committed against Plaintiff, was submitted on November 5, 2014. The information in the grievance was forwarded to DOC's Internal Affairs for investigation of Plaintiff's allegations, while the original grievance was returned unanswered to Plaintiff on November 6, 2014. Because the grievance was not of a sensitive/emergency nature, he was advised to follow the standard grievance process and that the sexual assault allegation was forwarded to the PREA (Prison Rape Elimination Act) Unit. (Dkt. 109-6 at 3-5).

Plaintiff next submitted an appeal of the ARA's grievance response on November 14, 2014. The grievance appeal was returned unanswered on November 24, 2014, with notations of "1) No grounds for appeal; and, 2) Other: You cannot appeal this office's previous response. Specific complaints must be addressed with the facility in compliance with OP-090124." *Id*. at 8-9.

Plaintiff submitted ARA 14-410, also marked as emergency/sensitive, on December 1, 2015. He requested information for filing charges against the administration concerning his transfer to maximum security. The grievance was returned unanswered on December 2, 2014, with the notation that it was not of a sensitive or emergency nature and that the ARA does not intervene in transfer or facility assignment issues. *Id*. at 13-14.

Finally, ARA 15-020, marked emergency/sensitive and requesting a transfer, was submitted on January 16, 2015. It was returned unanswered on January 16, 2015, with the

7

notation that it was not of a sensitive or emergency nature.  *Id*. at 18-20.

Plaintiff also filed seven medical grievances with the DOC Medical Services Administrative Review Authority during the relevant period. (Dkt. 109-5). Each grievance was marked at "emergency/sensitive" and concerned his desire to have an MRI or CT Scan and other medical tests. (Dkt. 109-9). All were returned unanswered to Plaintiff, in part because the issues were not of a sensitive or emergency nature as defined in the grievance process. *Id.* Although the medical grievances were returned, Buddy Honaker, the DOC Medical Services Administrator states by affidavit that Plaintiff's medical records and files were reviewed upon submission of the grievances, and Plaintiff appeared to have been receiving appropriate care. (Dkt. 109-5).

After careful review of the record, the Court concludes there is no genuine dispute as to any material fact concerning whether Plaintiff has exhausted the administrative remedies for his claims, pursuant to 42 U.S.C. § 1997e(a). Therefore, Defendants are entitled to  judgment as a matter of law." Fed. R. Civ. P. 56(a).

**ACCORDINGLY,** Defendants Tim Wilkinson, James A. Yates, Marty Garrison, Ms. Burney, Dr. Shepherd, Ray Larimer, Brandy Sipes, and Dr. Sanders' motion for summary judgment (Dkt. 109) is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 4th day of February 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma