# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNDY ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 16-036-RAW-SPS ) |
| TIM WILKINSON, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On February 4, 2019, this civil rights action pursuant to 42 U.S.C. § 1983 was dismissed in its entirety. (Dkt. 110). On October 30, 2019, Plaintiff filed a "Motion Requesting an Appeal Out of Time for Federal Rule Civil Procedure Rule 60(b)(1) 'Excusable Neglect.'" (Dkt. 112).

> Plaintiff alleges, among other things, the following:
>
> Plaintiff . . . is, and has been, on direct appeal in the Honorable Court of Criminal Appeals in a sensitive case matter of murder w malice aforethought in which he is 100% innocent of which is pressed with its own deadline(s) and is the basis for plaintiffs freedom and both case load matter.
>
> Plaintiff . . . is currently incarcerated at the Oklahoma State Penitentiary and is and has been on a fake PREA investigation prompted by a cell assignment who wanted to move and chose an ill advised alternative which plagued the plaintiff for the joint terrorist task force and facility still has plaintiff on investigation status which has amounted 9 months and counting. For whatever reason is oblivious to the plaintiff, and because of the split up, legal work, addresses, and property became a great agent in prohibiting to have effective exchange in process and procedure with the honorable courts.

(Dkt. 112 at 1-2) (errors in original).

> Rule 60(b)(1) of the Federal Rules of Civil Procedure states in pertinent part:
>
> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Fed. R. Civ. P. 60(b)(1).

Although Plaintiff's motion is unclear, the Court finds that to the extent he is asking for reconsideration of the dismissal of his complaint based on his being occupied with his various other legal issues, relief cannot be granted. The record shows that on March 21, 2017, Defendants Susan Shields, Patricia Stem, and Patricia Sorrels were dismissed without prejudice for Plaintiff's failure to exhaust the administrative remedies for any of his claims against them. (Dkt. 82). On November 27, 2017, Defendants Mr. Ruffin, Mr. Garvin, Dr. Marlar, John Doe, and Jane Doe also were dismissed without prejudice for Plaintiff's failure to serve them in accordance with Fed. R. Civ. P. 4(m). (Dkt. 91). Finally, on February 4, 2019, Defendants Tim Wilkinson, James A. Yates, Marty Garrison, Ms. Burney, Dr. Shepherd, Ray Larimer, Brandy Sipes, and Dr. Sanders were granted summary judgment for Plaintiff's failure to exhaust the administrative remedies for the claims against them, and the action was dismissed in its entirety. (Dkt. 110).

Here, Plaintiff has failed to show how his other legal proceedings prevented him from exhausting the administrative remedies for his claims or prevented him from serving certain defendants. Therefore, his request for relief under Rule 60(b)(1) must be denied.

To the extent Plaintiff is asking the Court for an appeal out of time, under Fed. R. App. P. 4(a)(1),[1] a party must file his notice of appeal in a civil case within thirty days from the date of the district court's order. If the party fails to do so, he has only 30 additional days beyond the Rule 4(a)(1) time period to file a motion for extension of time to file notice of appeal. Fed. R. App. P. 4(a)(5)(A). These time limits are "mandatory and jurisdictional," *Senjuro v. Murray*, 943 F.2d 36, 37 (10th Cir. 1991) (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978)), and cannot be enlarged by the district. *See* Fed. R. App.

---

[1] Because Plaintiff is proceeding pro se, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972).

P. 26(b).

Plaintiff filed his "Motion Requesting an Appeal Out of Time for Federal Rule Civil Procedure Rule 60(b)(1) 'Excusable Neglect'" more than eight months after this Court's Opinion and Order and the Judgment were entered. Therefore, Plaintiff's request for appeal out of time could neither operate as a timely notice of appeal under Fed. R. App. P. 4(a)(1) nor as a timely motion for extension of time to file notice of appeal under Fed. R. App. P. 4(a)(5).[2] Because Petitioner has failed to demonstrate how his various legal matters prevented him from filing a timely notice of appeal, he is not entitled to relief under Fed. R. App. P. 4.

**ACCORDINGLY,** Plaintiff's "Motion Requesting an Appeal Out of Time for Federal Rule Civil Procedure Rule 60(b)(1) 'Excusable Neglect'" (Dkt. 112) is DENIED.

**IT IS SO ORDERED** this 9th day of March 2020.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] Plaintiff doesnot claim he lacked notice of this Court's Opinion and Order. Thus, Fed. R. App. P. 4(a)(6) is not applicable.